## CITY OF LOUISVILLE v. A. TEMPLETON.

**Intoxicating Liquors—Sale by Manufacturer.**

Under § 118 of the charter of the city of Louisville, the right of a manufacturer of liquors to sell same as a merchant, does not give him the privilege of setting up and maintaining, free from municipal control, a coffee house, merely because he retails only liquors manufactured by him.

**Intoxicating Liquors—Right to Keep Coffee House.**

The right to sell spirituous, vinous and malt liquors does not impliedly confer the right to keep a coffee house.

**Criminal Law—Misdemeanor—Reversal of Judgment of Acquittal.**

The Court of Appeals has no power to reverse a judgment of acquittal in a prosecution for a misdemeanor, except for errors of law which occurred on the trial and appear of record.

**Criminal Law—Bill of Exceptions—Presumptions.**

Where a bill of exceptions fails to set out the rulings of the court as to the law, the presumption is that the rulings were correct.

APPEAL FROM LOUISVILLE CITY COURT.

April 7, 1873.

OPINION BY JUDGE LINDSAY:

Section 118 of the charter of the city of Louisville provides that "no tax shall be assessed on the tools and implements of manufacturers in said city. Nor any license be required of them for selling their own manufactures."

Templeton claims that this exemption protects him in retailing by the drink beer manufactured at his brewery, or in other words, that because he is manufacturing, and has the right to sell without a license the products of his manufactory, that he may keep a tippling house.

Considering this section in connection with Section 96, which provides that the general council shall provide for certain licenses, "for each tavern or hotel, coffee house, club room or other establishment where malt, fermented, vinous or spirituous liquors are sold by retail within said city," etc., we conclude that the right of a manufacturer of liquors to sell as a merchant does not give him the privilege of setting up and maintaining, free from municipal control, a coffee house, merely because he retails only such liquors as are manufactured by him.

The local community have such a direct interest in the character and conduct of persons keeping these establishments that the legislature has for many years left the question as to who shall have the privilege of so doing to be determined by the local officers, and we can not presume that it was intended that the Louisville city government was to be deprived of this right as to any portion of its citizens.

The right to sell malt, spirituous or vinous liquors by no means implies the right to keep a coffee house.

But as the record before us does not show the construction placed on these statutes and ordinances by the judge of the city court, we can not assume that he construed them erroneously.

We must conclude that he dismissed the warrant because he was of opinion that the proof did not sufficiently make out the charge.

This court has no power to reverse a judgment of acquittal in the prosecution for a misdemeanor except for error of law occurring on the trial and appearing of record.

The bill of exceptions failing to set out the rulings of the court as to the law, the presumption must be indulged that they were correct.

Having no power to pass upon the facts, the judgment must be *affirmed.*

*Burnett, for appellant.*

*Mix, for appellee.*